IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LaBOBBIE JEAN DARDEN and § <br> TYRONIA SHAWNTEL § <br> MONTGOMERY, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> E-Z MART STORES, INC. and SHANE § <br> GUTHRIE, § <br>     Defendants. | CIVIL ACTION NO. 2-05-CV-64 (TJW) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is E-Z Mart Stores, Inc.'s ("E-Z Mart") Motion for Summary Judgment (#28). The Court has carefully considered the parties' written submissions and denies-in-part E-Z Mart's Motion as it relates to the assault and false imprisonment claims brought by Plaintiff Darden. The Court carries all other issues with the case.

**I.      Introduction and Factual Background**

Plaintiffs assert four causes of action against E-Z Mart: (1) assault, (2) false imprisonment, (3) discrimination in violation of 42 U.S.C. § 1981, and (4) discrimination in violation of 42 U.S.C. § 2000a. Plaintiffs causes of action arise out of an altercation that occurred on March 19, 2003 at the E-Z Mart convenience store in Gladewater, Texas.

Plaintiffs are both African-American women. On March 19, 2005, Plaintiffs entered the E-Z Mart store in Gladewater to buy some bread. At some point after the Plaintiffs entered the store, the store clerk, Ms. Muckleroy ("Muckleroy") asked Plaintiff Montgomery to pull up her pants or leave the store. According to Muckleroy, Montgomery was "sagging" and therefore was offending older patrons in the store.

Plaintiffs assert that Montgomery pulled up her pants in compliance with Muckleroy's request and then attempted to purchase a loaf of bread. Muckleroy refused to sell the bread to the Plaintiffs. Muckleroy then purportedly asked Plaintiffs to leave as she was about to call the police. Plaintiffs did not leave and the police arrived not long thereafter.

Officer Shane Guthrie of the Gladewater Police Department arrived and proceeded to take action. In less than fifteen seconds after entering the store, Office Guthrie told Plaintiffs to exit the store. During the exiting process, Officer Guthrie grabbed Plaintiff Montgomery and eventually arrested her. Not long thereafter, Officer Guthrie also arrested Plaintiff Darden.

After Plaintiffs eventual release, Plaintiffs filed an action in the United States District Court for the Eastern District of Texas, Tyler Division. However, Plaintiffs dismissed that action on September 14, 2004. Plaintiffs then filed the present action but withdrew claims of negligence and malicious prosecution that were earlier asserted against E-Z Mart.

**II.    Analysis**

1.    <u>E-Z Mart is Not Entitled to Summary Judgment Regarding Darden's Assault Claim</u>.

In Texas, the definition of assault is the same for either a criminal or civil case. *See Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 134 (Tex. App.–Houston [14th Dist.] 1999, no pet.). "A person commits an assault if he 'intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.'" *Id*. (citing Tex. Pen. Code Ann. § 22.01(a)(3)). To establish a claim for assault and battery in a civil action, the plaintiff must show that the defendant intentionally or knowingly threatened him with imminent bodily injury. *See Robinson v. State*, 630 S.W.2d 394, 403 (Tex. App.–San Antonio 1982, pet. ref'd). Moreover, to prevail a plaintiff must show that physical contact occurred. *See Preble v. Young*, 999 S.W.2d 153, 156 (Tex. App.–Houston [14th Dist.] 1999,

no pet.).

However, where "one person assists another in making an assault, both are principals and liable in damages for any injury inflicted." *Milliken v. Skepnek*, 1999 WL 496505, at *6 (Tex. App.–Houston [14th Dist.] July 15, 1999, no pet.) (*citing Stein v. Meachum*, 748 S.W.2d 516, 518-19 (Tex. App.–Dallas 1988, no writ)). "Anyone who commands, directs, advises, encourages, procures, controls, aids or abets a wrongful act by another, is just as responsible for the wrongful act as the one who actually committed it." *Id*. Nevertheless, "[o]vert participation or some form of encouragement in the commission of the assault is required." *Id*.

In the first instance, Plaintiffs admit that Muckleroy never touched Plaintiffs. Further, Plaintiffs admit that Muckleroy never even raised her voice at Plaintiffs. Instead, Plaintiffs' theory of assault is that Muckleroy instigated the assault by calling the police and somehow commanded, directed, advised, procured, instigated, promoted, controlled, assisted, or abetted Officer Guthrie's actions.

Plaintiffs point to *Stein v. Meachum*, where the Defendant moved for a new trial after a default judgment was entered against him for committing an assault under the theory that "[a]t [Stein's] instruction and behest one, Joel Wayne West, hit me in the face and then hit me about the head several times with a telephone receiver." *Stein v. Meachum*, 748 S.W.2d 516, 518 (Tex. App.–Dallas 1988, no writ). In affirming the district court's denial of the motion, the court found that, rather than disputing that he directed an assault against the plaintiff, the defendant merely presented evidence in support of his motion that negated the claim that he had personally threatened or touched the plaintiff. *See id*. at 518-19. The Court viewed Stein's failure to address the plaintiff's theory of liability based on encouraging another to commit an assault as a failure to set up a meritorious defense. *Id*. at 519.

However, this case is more akin to *Lewis v. Continental Airlines, Inc.*, 80 F. Supp. 2d 686 (S.D. Tex. 1999). In *Lewis*, the Court, on summary judgment, distinguished *Stein*. In that case, the plaintiff asserted many of the same causes of actions and facts as alleged here. What the Court found dispositive on summary judgment is that the defendant, Tisdel, did not ask that the Plaintiff be arrested, did not direct the officers to restrain the plaintiff, and did not instruct the police officers who arrived on the scene their performance of their official duties. *Id*. at 696. More importantly, plaintiff offered no evidence to rebut defendant's statements. *Id*. "[T]he evidence indicates that [defendant] merely turned the matter over to security and was not otherwise involved in any actions taken by the [police]." *Id*.

In this case, Plaintiffs admit that Officer Guthrie was in the store for less than 15 seconds before ordering Plaintiffs to leave. While Plaintiffs were leaving, he then began arresting Montgomery. Darden alleges that, after Montgomery is arrested and confined in the police vehicle, Officer Guthrie asks Muckleroy if she wished to have Darden arrested.[1] In her deposition, Muckleroy admitted that she told Officer Guthrie that she did want Darden arrested. Muckleroy made this request after witnessing the conduct of Officer Guthrie toward Montgomery. A jury could find that Muckleroy therefore had knowledge of how Officer Guthrie might treat Darden. Thus, Muckleroy's request to Officer Guthrie takes this case out of *Lewis*. A jury could find, based on Muckleroy's own testimony, that, while not a direct participant, Muckleroy "encouraged" Officer Guthrie's assault on Darden. Accordingly, E-Z Marts' motion for summary judgement of Darden's

---

[1] The Court does note that on May 6, 2004, Darden stated numerous times in her May, 2004 deposition that just before Officer Guthrie asked Muckleroy whether she wanted Darden arrested, that Muckleroy asked Darden to leave the premises. In fact, Darden even stated that Muckleroy requested that Darden leave so that Darden would not go to jail. While this evidence might effect the credibility of Darden's testimony, it is not enough to remove the fact issue of whether Muckleroy "encouraged" or "controlled" Officer Guthrie's actions regarding the arrest.

assault claim must be denied.[2]

    2.    <u>E-Z Mart is Not Entitled to Summary Judgment Regarding Darden's False Imprisonment Claim</u>.

Plaintiffs also assert claims of false imprisonment against E-Z Mart. In Texas, "[t]he elements of false arrest and false imprisonment are similar enough to be indistinguishable." *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 754 (Tex. App.–Corpus Christi 1998, no pet.). To establish the intentional torts of false arrest or false imprisonment, the plaintiff must show (1) willful detention, (2) without consent, and (3) without authority of law. *Gladden v. Roach*, 864 F.2d 1196, 1201 (5th Cir. 1989). "A detention may be accomplished by violence, by threats, or by any other means that restrains a person from moving from one place to another." *Grant v. Stop-N-Go Mkt. of Tex., Inc.*, 994 S.W.2d 867, 872 (Tex. App.–Houston [1st Dist.] 1999, no pet.). Liability extends to any person who directs or requests an unlawful detention, including private citizens who request law enforcement officers to arrest a third party. *See Reichender v. Skaggs Drug Ctr.*, 421 F.2d 307, 311 (5th Cir. 1970).

*Lewis v. Continental Airlines* is again instructive. In that case, Plaintiff Lewis admitted that he was not restrained in any way while waiting for the police to arrive. 80 F. Supp. 2d at 702. Further, plaintiff admitted that he was not told to stay in a certain spot or sit in a room before the police arrived. *Id*. Plaintiff Lewis contended, however, that it was the act of calling the police that was the primary act that led to false arrest and thereby establishing his claim. *Id*.

The present case is very similar. Both parties make much of whether Muckleroy stated that Plaintiffs could leave the store before Officer Guthrie arrived. In fact, there is substantial evidence indicating that Muckleroy did ask Plaintiffs to leave. However, this is not the only issue. Were

---

[2] The Court carries Montgomery's assault claim with the case.

Plaintiffs forced to stay while waiting for the police to arrive? The evidence in this case establishes that not only did Muckleroy not direct Plaintiffs in this regard, Muckleroy clearly wanted Plaintiffs off of the premises. The evidence establishes that Plaintiffs could have left the premises at any time prior to Officer Guthrie's arrival.

However, Plaintiffs go one step further. They assert that it was Officer Guthrie's actions that meet the elements necessary to support a false arrest claim – once again based on Officer Guthrie allegedly acting at Muckleroy's request.

As to Darden, the evidence is clear that Darden was not required to stay at the E-Z Mart before Officer Guthrie arrived. Further, the record is clear that Montgomery could have left the premises while Montgomery was being arrested. Indeed, in Darden's May, 2004 deposition, she admitted that Muckleroy asked Darden to leave the premises numerous times before Officer Guthrie arrested her. Thus, the evidence supporting Darden's false imprisonment claim is Muckleroy's statement that she asked Officer Guthrie to arrest Darden. A jury could find that Muckleroy repeatedly asking Darden to leave the premises coupled with Darden's refusal to leave resulted in a cognizable claim of criminal trespass. If so, Darden's claim against E-Z Mart would fail as Muckleroy's actions would then become protected activity. *See id.* On the other hand, a jury could find that Darden was never asked to leave or was confined as a result of actions taken by Officer Guthrie at Muckleroy's behest or with her "encouragement." Under those circumstances, a claim of false imprisonment might be found. In any event, Plaintiff Darden has raised a genuine issue of material fact precluding summary judgment of her false imprisonment claim.[3]

---

[3] The Court carries Montgomery's false imprisonment claim with the case. The Court also notes that E-Z Mart does not move for summary judgment regarding Darden's 42 U.S.C. § 1981 claim. The Court carries Montgomery's 42 U.S.C. § 1981 violation with the case.

SIGNED this 15th day of December, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE