IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LaBOBBIE JEAN DARDEN and TYRONIA SHAWNTEL MONTGOMERY,  Plaintiffs, v. E-Z MART STORES, INC. and SHANE GUTHRIE,  Defendants. | § § § § § § § § § § § CIVIL ACTION NO. 2-05-CV-64 (TJW) |

**MEMORANDUM OPINION AND ORDER**

In its Memorandum Opinion and Order of December 15, 2005, this Court carried certain issues in Defendant E-Z Mart Stores, Inc.'s ("E-Z Mart") Motion for Summary Judgment (#28). The Court, after carefully considering the parties' written submissions, re-visits those carried issues and rules as follows:

Plaintiffs assert four causes of action against E-Z Mart: (1) assault, (2) false imprisonment, (3) discrimination in violation of 42 U.S.C. § 1981, and (4) discrimination in violation of 42 U.S.C. § 2000a. Plaintiffs' causes of action arise out of an altercation that occurred on March 19, 2003, at the E-Z Mart convenience store in Gladewater, Texas. The Court has denied summary judgment as to Plaintiff Darden's assault and false imprisonment claims in its December 15, 2005 Order. For the reasons more fully explained below, the Court grants Defendant's Motion for Summary Judgment as it relates to Montgomery's claims and to Darden's claim of discrimination in violation of 42 U.S.C. § 2000a.

1. <u>E-Z Mart is Entitled to Summary Judgment Regarding Montgomery's Assault Claim</u>.

In Texas, the definition of assault is the same for either a criminal or civil case. *See Green*

*v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 134 (Tex. App.–Houston [14th Dist. 1999, no pet.). "A person commits an assault if he 'intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.'" *Id*. (citing Tex. Pen. Code Ann. § 22.01(a)(3)). To establish a claim for assault and battery in a civil action, the plaintiff must show that the defendant intentionally or knowingly threatened him with imminent bodily injury. *See Robinson v. State*, 630 S.W.2d 394, 403 (Tex. App.–San Antonio 1982, pet. ref'd.). Moreover, to prevail, a plaintiff must show that physical contact occurred. *See Preble v. Young*, 999 S.W.2d 153, 156 (Tex. App.–Houston [14th Dist.] 1999, no pet.).

However, where "one person assists another in making an assault, both are principals and liable in damages for any injury inflicted." *Milliken v. Skepnek*, 1999 WL 496505, *6 (Tex. App.–Houston [14th Dist.] July 15, 1999, no pet.) (*citing Stein v. Meachum*, 748 S.W.2d 516, 518-19 (Tex. App.–Dallas 1988, no writ)). "Anyone who commands, directs, advises, encourages, procures, controls, aids or abets a wrongful act by another, is just as responsible for the wrongful act as the one who actually committed it." *Id*. Nevertheless, "[o]vert participation or some form of encouragement in the commission of the assault is required." *Id*.

Plaintiffs admit that Muckleroy never touched Plaintiffs. Further, Plaintiffs admit that Muckleroy never even raised her voice at Plaintiffs. Instead, Plaintiffs' theory of assault is that Muckleroy instigated the assault by calling the police and somehow commanded, directed, advised, procured, instigated, promoted, controlled, assisted, or abetted Officer Guthrie's actions.

Plaintiffs point to *Stein v. Meachum*, where the Defendant moved for a new trial after a default judgment was entered against him for committing an assault under the theory that "[a]t [Stein's] instruction and behest one, Joel Wayne West, hit me in the face and then hit me about the

head several times with a telephone receiver." *Stein v. Meachum*, 748 S.W.2d 516, 518 (Tex. App.–Dallas 1988, no writ). In affirming the district court's denial of the motion, the court found that, rather than disputing that he directed an assault against the plaintiff, the defendant merely presented evidence in support of his motion that negated the claim that he had personally threatened or touched the plaintiff. *See id.* at 518-19. The court viewed Stein's failure to address the plaintiff's theory of liability based on encouraging another to commit an assault as a failure to set up a meritorious defense. *Id.* at 519.

However, this case is more akin to *Lewis v. Cont'l Airlines, Inc.*, 80 F. Supp. 2d 686 (S.D. Tex. 1999). In *Lewis*, the court, on summary judgment, distinguished *Stein*. In that case, the plaintiff asserted many of the same causes of actions and facts as alleged here. What the court found dispositive on summary judgment is that the defendant, Tisdel, did not ask that the Plaintiff be arrested, did not direct the officers to restrain the plaintiff, and did not instruct the police officers who arrived on the scene how to perform their official duties. *Id.* at 696. More importantly, plaintiff offered no evidence to rebut defendant's statements. *Id.* "[T]he evidence indicates that [defendant] merely turned the matter over to security and was not otherwise involved in any actions taken by the [police]." *Id.*

In this case, the Court finds that Muckleroys's actions with respect to Montgomery are akin to those in *Lewis*. In this case, Plaintiffs admit that Officer Guthrie was in the store for less than 15 seconds before ordering Plaintiffs to leave. Further, there is evidence offered by Plaintiffs that Officer Guthrie had pretty much made up his mind to force the Plaintiffs to leave the store before he got there. The ***only*** evidence offered by Montgomery to substantiate her assault claim is that Muckleroy made a phone call and requested the police to arrive. This alone is insufficient. Plaintiffs have not offered any evidence that Muckleroy had any control over the Officer (based on this

evidence, Officer Guthrie did not appear to be in control). Further, Montgomery has not offered any evidence that Muckleroy ordered the arrest of Montgomery.[1] The decision to arrest Montgomery was in the sole discretion of Officer Guthrie. Thus, the un-controverted evidence establishes that Muckleroy did not ask that Montgomery be arrested, did not direct Officer Guthrie to restrain Montgomery, and did not instruct the Officer Guthrie how to perform his official duties. *See Lewis*, 80 F. Supp. 2d at 696. Accordingly, E-Z Mart's motion for summary judgment of Montgomery's assault claim is granted.

    2.    <u>E-Z Mart is Entitled to Summary Judgment Regarding Plaintiff Montgomery's False Imprisonment Cause of Action</u>.

Montgomery also asserts claims of false imprisonment against E-Z Mart. In Texas, "[t]he elements of false arrest and false imprisonment are similar enough to be indistinguishable." *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 754 (Tex. App.–Corpus Christi 1998, no pet.). To establish the intentional torts of false arrest or false imprisonment, the plaintiff must show (1) willful detention, (2) without consent, and (3) without authority of law. *Gladden v. Roach*, 864 F.2d 1196, 1201 (5th Cir. 1989). "A detention may be accomplished by violence, by threats, or by any other means that restrains a person from moving from one place to another." *Grant v. Stop-N-Go Mkt. of Tex., Inc.*, 994 S.W.2d 867, 872 (Tex. App.–Houston [1st Dist.] 1999, no pet.). Liability extends to any person who directs or requests an unlawful detention, including private citizens who request law enforcement officers to arrest a third party. *See Reichender v. Skaggs Drug Ctr.*, 421 F.2d 307, 311 (5th Cir. 1970).

---

[1] There does appear to be some evidence that, ***after*** the arrest of Montgomery, Muckleroy filed a formal complaint for one claim of disorderly conduct language against Montgomery. However, this occurred after the arrest and can not be used to evidence Muckleroy's control over Officer Guthrie before the arrest. *See, e.g., Milliken v. Skepnek*, 1999 WL 496505 (Tex. App.–Houston [14th Dist.] July 15, 1999, no pet.).

*Lewis v. Cont'l Airlines* is again instructive. In that case, Plaintiff Lewis admitted that he was not restrained in any way while waiting for the police to arrive. 80 F. Supp. 2d at 702. Further, plaintiff admitted that he was not told to stay in a certain spot or sit in a room before the police arrived. *Id*. Plaintiff Lewis contended, however, that it was the act of calling the police that was the primary act that led to false arrest and thereby establishing his claim. *Id*.

The present case is very similar. Both parties make much of whether Muckleroy stated that Plaintiffs could leave the store before Officer Guthrie arrived. In fact, there is substantial evidence indicating that Muckleroy ***did*** ask Plaintiffs to leave. However, this is not the only issue. Have Plaintiffs offered any evidence that Muckleroy directed or otherwise forced Plaintiffs to stay at the E-Z Mart store? The record in this case establishes that not only did Muckleroy not direct Plaintiffs in this regard, Muckleroy clearly wanted Plaintiffs off of the premises. The evidence establishes that Plaintiffs could have left the premises at any time prior to Officer Guthrie's arrival.

However, Plaintiffs go one step further. They assert that it was Officer Guthrie's actions that meet the elements necessary to support a false arrest claim – once again based on Officer Guthrie allegedly acting at Muckleroy's request. Again, as to Montgomery, the evidence submitted by the parties evidences that Officer Guthrie made the decision to arrest Montgomery on his own. All Muckleroy did was call the police to report a disturbance. This alone cannot support a false imprisonment claim and requires a finding of summary judgment in E-Z Mart's favor. *See id.*

3. <u>E-Z Mart is Entitled to Summary Judgment Regarding Plaintiffs' Discrimination Claims Pursuant to 42 U.S.C. § 2000a.</u>

42 U.S.C. § 2000a provides:

All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in the Section, without discrimination or segregation on the ground of race, color, religion or national origin.

The definition of "public accommodation" includes inns, hotels, motion picture houses, theaters, concert halls, sport arenas, stadiums, gasoline stations, restaurants, cafeterias, lunch rooms, lunch counters, soda fountains or any other facility principally engaged in selling food for consumption on the premises.  42 U.S.C. § 2001(b). Convenience stores have been held to not be a facility principally engaged in selling food for consumption on the premises.  *See, e.g., Carrington v. Lawson's Milk Co.*, 1987 WL 36691 (6th Cir. 1987); *United States v. Baird*, 865 F. Supp. 659 (E.D. Cal. 1994), *rev'd on other grounds*, 85 F.3d 450 (9th Cir. 1996); *Priddy v. Shopko Corp.*, 918 F. Supp. 358 (D. Utah 1995).  Importantly, Plaintiffs have not cited any legal authority to the contrary.

It is undisputed that E-Z Mart is a convenience store.  Further, Plaintiffs admitted in their depositions that E-Z Mart was not a restaurant and that food was not served for consumption on the premises. In light of Plaintiffs' own admissions and the weight of authority establishing that convenience stores are not principally engaged in selling food for consumption on the premises, E-Z Mart is therefore ***not*** a place of public accommodation. Accordingly, the Court grants Defendants' Motion for Summary Judgment regarding Plaintiffs' claims of violations of 42 U.S.C. § 2000a.

    4.    <u>E-Z Mart is Entitled to Summary Judgment Regarding Plaintiff Montgomery's Discrimination Claim Pursuant to 42 U.S.C. § 1981.</u>

42 U.S.C. § 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . .

To succeed on a § 1981 claim, Plaintiff must establish that (1) she is a member of a racial minority; (2) that the Defendant had intent to discriminate on the basis of race; and (3)

that the discrimination concerned one or more of the activities enumerated in the statute. *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743 751 (5th Cir. 2002). Thus, this statute does not provide a general cause of action for race discrimination. Rather, it prohibits intentional race discrimination with respect to certain enumerated activities.

At issue in this case is Plaintiff's ability to "make and enforce contracts" on non-discriminatory terms. *See Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). To establish a deprivation of a right to contract in a retail context, the Plaintiff "must offer evidence of some tangible attempt to contract" that in some way was thwarted by Defendant. *Morris*, 277 F.3d at 752; *Arguello*, 330 F.3d at 358.

Montgomery admitted in her deposition that she did not enter the E-Z Mart store with the intention of making a purchase. Nor did she attempt to purchase anything at the counter. All attempts to contract were made by Plaintiff Darden alone. Montgomery's failure to make any attempt to contract is fatal to her claim. *See Arguello*, 330 F.3d at 358; *see also Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1117-18 (10th Cir. 2001). Accordingly, the Court grants E-Z Mart's Motion for Summary Judgment as it relates to Montgomery's claims of discrimination pursuant to 42 U.S.C. § 1981.

SIGNED this 20th day of January, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE